UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHASON LIPSCOMB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:24-CV-293-DCLC-DCP ) |
| BRIAN ELLER, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Chason Lipscomb is a prisoner in the custody of the Tennessee Department of Correction ("TDOC") who was permitted to proceed in this civil rights action on a claim that Brian Eller, Dylan Shetley, and Jason Swallow (collectively, "Defendants") used excessive force against him on October 25, 2023, at the Northeast Correctional Complex [Doc. 6]. Before the Court is Defendants' motion for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) [Doc. 15], Plaintiff's response [Doc. 24], and Defendants' reply [Doc. 27]. Upon consideration of the parties' pleadings, the evidence presented, and the applicable law, the Court finds Defendants' motion should be **GRANTED** and this action **DISMISSED**.

I.  **LEGAL STANDARD**

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Exhaustion is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). And "[i]n cases where the party moving for summary judgment also bears the burden of persuasion at trial, the

party's initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 455–56 (citing *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (internal quotation marks omitted)). Accordingly, in this case, "[s]ummary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Id.* at 456 (citing *Risher v. Lappin*, 649 F.3d 236, 240 (6th Cir. 2011).

## II. SUMMARY JUDGMENT EVIDENCE

The TDOC developed a formal grievance procedure that is set forth in TDOC policy 501.01 and explained in the TDOC Inmate Grievance Procedures Handbook [Doc. 16-1, pp. 1 ¶ 4, 5–38]. Under the policy, a "grievance" is a written complaint about a policy, behavior, incident, or condition within the TDOC that personally affects the inmate [*Id.* at 6]. Grievance forms are available in each housing unit and are given to any inmate upon request [*Id.* at 7, 26]. Forms are collected daily from locked depositories on each unit [*Id.*]. Inmates who are housed in segregation or are medically detained may give their completed grievance forms to any staff member, and that staff member must deposit the grievance in the depository the same day [*Id.* at 26]. Inmates requiring assistance to prepare and file a grievance or appeal may request the assistance of an advocate [*Id.* at 5, 11, 27].

The TDOC's grievance review procedure is a three-step process [*Id.* at 2–3 ¶ 8, 7–8, 28–31]. An inmate initiates the process by submitting a written grievance form within seven days of the complained-of incident [*Id.* at 2 ¶ 8, 7, 28]. All grievances filed by TDOC inmates are assigned a grievance number, and grievance records are maintained on the Tennessee Offender Management Information System's ("TOMIS") database [*Id.* at 2 ¶ 5, 12, 27]. After the grievance

2

committee chairperson logs the grievance as received, he or she forwards it to the employee or department involved for a response, and that response is reviewed by the chairperson, who also provides a written response [*Id.* at 2 ¶ 8, 7, 28–29]. If the inmate accepts the first-level response, the matter is considered resolved [*Id.* at 2 ¶ 8]. If the inmate does not agree, he may appeal the response to the grievance committee and warden [*Id.* at 2 ¶ 8, 7, 29]. The grievance committee will then issue a proposed response that is forwarded to the warden, who reviews the committee's response and provides a response of agreement or disagreement [*Id.* at 2 ¶ 8, 7, 29–30].

If the inmate agrees with the warden's decision, the matter is considered resolved [*Id.* at 2 ¶ 8]. But if the inmate disagrees, he may proceed to step three and appeal to the Assistant Commissioner of Prisons or his/her designee [*Id.* at 2 ¶ 8, 30]. The Assistant Commissioner's response shall be returned to the grievance chairperson within twenty-five (25) working days from the date the appeal was received [*Id.*]. This response is final and no longer subject to additional appeals [*Id.*]. This concludes the third and final step of the TDOC's grievance procedure [*Id.* at 2 ¶ 8].

If a time limit expires at any stage of the grievance process without the required response from prison officials, the inmate may move the grievance to the next stage of the process, unless the inmate agrees to an extension of the applicable time period in writing [*Id.* at 2–3 ¶ 8, 8, 29, 30].

On November 6, 2023, Plaintiff filed a grievance alleging Defendants used excessive force against him on October 25, 2023 [*Id.* at 3 ¶ 11, 41–42]. The first-step response was that "[t]his matter is under review by Nashville OIC Office" [*Id.* at 40]. That grievance was returned to Plaintiff on November 8, 2023 [*Id.* at 3 ¶ 11, 43]. Plaintiff marked that he did not wish to appeal the level-one grievance response [Doc. 16-1, p. 43; Doc. 24, p. 8].

Plaintiff subsequently filed other inquires and grievances seeking information regarding the internal investigation [*See* Doc. 24, p. 11–28].

### III. LAW & ANALYSIS

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The requirements of exhaustion are not set out in the PLRA itself. Rather, to satisfy the exhaustion requirement, an inmate must properly complete the grievance procedures put forward by his correctional institution, including any procedural rules and deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) ("It is the prison's requirements . . . that define the boundaries of proper exhaustion."). Moreover, exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 578 U.S. 632, 641 (2016). Therefore, "exhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and 'even where [the prisoners] believe the procedure to be ineffectual or futile[.]'" *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal citations and citations omitted).

Even though the PLRA's requirement of exhaustion is construed strictly, compliance is excused if remedies are not available. *Lamb v. Kendrick*, 52 F.4th at 292 (6th Cir. 2022) (citing *Ross v. Blake*, 578 U.S. 632, 642 (2016)). Administrative remedies may be considered effectively unavailable when (1) there is no possibility for relief through use of the procedure; (2) the rules are so confusing as to render them essentially unknowable; or (3) prison officials "thwart inmates

4

from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *See Ross*, 578 U.S. at 643–44.

Here, it is undisputed that Plaintiff failed to appeal his grievance regarding the alleged October 25, 2023, incident through all three levels of the TDOC's grievance process. Instead, the evidence confirms that he never proceeded past the first step of the TDOC grievance procedure regarding his November 6 grievance, as he affirmatively chose not to appeal the first-step response [*See* Doc. 16-1, pp. 3 ¶¶ 12, 13, 43; Doc. 24, p. 8].

Plaintiff claims "that he did in fact functionally exhaust his administrative remedies since prison administrators thwarted Plaintiff from further formal exhaustion through intentional machinations and misrepresentations about the remedial process that they offered and mandated to him" [Doc. 24, p. 1]. Essentially, Plaintiff maintains that he was not required to further pursue his initial grievance, as the alleged beating was under investigation at the time he declined to appeal his grievance [*See, generally*, Doc. 24]. But an inmate who accepts a level one response and fails to proceed through all three levels of the grievance procedure fails to exhaust his administrative remedies as to the matter grieved [*See* Doc. 16-1, p. 2 ¶ 8].

Moreover, Plaintiff acknowledges that "Internal Affairs is an independent prison staff unit at NECX that . . . . operates outside the normal grievance process" [Doc. 24, p. 2]. The Sixth Circuit has held that an internal investigation is not a substitute for exhaustion through the prison's administrative grievance procedure. *See Curry v. Scott*, 249 F.3d 493, 504 (6th Cir. 2001) (citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)). Plaintiff could have preserved his right to file suit by pursuing his November 6, 2023, grievance through all three levels of TDOC's procedure but affirmatively chose not to do so. The procedure was not rendered unavailable to him by virtue of the internal affairs investigation. Additionally, Plaintiff's subsequent grievances

5

regarding that investigation have no bearing on whether his November 6th grievance was exhausted. Accordingly, there is no genuine dispute that Plaintiff failed to exhaust the administrative process with regard to his November 6, 2023, grievance, and Defendants are entitled to summary judgment.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment [Doc. 15] will be **GRANTED**, and this action will be **DISMISSED without prejudice**.[1]

The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and therefore, Plaintiff is **DENIED** leave to proceed *in forma pauperis* should he choose to appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

SO ORDERED:

s/Clifton L. Corker
United States District Judge

---

[1] Because the Court grants summary judgment to Defendants on the federal claims, the Court will exercise its discretion to decline to exercise supplemental jurisdiction over the remaining state law claims by dismissing these claims without prejudice. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–727 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").